# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRINE A. SCHWENDINGER-ROY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-445 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motions *in Limine* are resolved as follows.

**A. Defendant's Motion to Preclude Its Identity As Insurer (Doc. 18), and Its Motion to Preclude Introduction of Policy Limits and Amount of Third-Party Tortfeasor's Insurance Settlement (Doc. 21)**

Plaintiff was injured in an accident caused by a negligent driver, and the tortfeasor's insurance company has tendered his full policy limits. Plaintiff seeks additional recovery through the underinsurance provisions ("UIM") of her parents' automobile insurance policy, which was issued by Defendant ("the Policy").

Defendant, in reliance on Federal Rule of Evidence 411, requests that it not be identified as an insurer, suggesting instead that Plaintiff's claims proceed to trial as if they were brought against the tortfeasor, who is not a party to this case. *See* Def.'s Mot. at ¶ 10 & "Wherefore" clause.

Under Federal Rule 411, "[e]vidence that a person was or was not insured against liability is not admissible <u>to prove whether the person acted negligently</u>." *Id.* (emphasis added). Here, Plaintiff's potential recovery from Defendant flows from the parties' insurance agreement, not the underlying claim of negligence, and Defendant has failed to identify legal support for reading Rule 411 as broadly as it requests. Moreover, the case law found by the Court is to the contrary. *See, e.g.*, <u>Brown-Day v. Allstate Ins. Co.</u>, 915 N.E.2d 548, 551 (Ind. App. 2009) ("[r]egardless of academic argument as to whether a jury is likely to assess greater damages against a deep-pocket insurance company, . . . Rule 411 simply is not a mechanism providing for an outright substitution of parties so that the identity of a party as an insurer may be shielded") (interpreting state rule of evidence identical to Federal Rule 411); *see also* <u>King v. State Farm Mut. Auto. Ins. Co.</u>, 850 A.2d 428, 432-36 (Md. App. 2004) (trial court committed reversible error by allowing UIM insurer to litigate anonymously). Thus, Defendant's request (**Doc. 18**) that it not be identified as an insurer at trial is **DENIED**.

Defendant's Motion (*see* **Doc. 21**) to preclude evidence regarding the Policy's UIM limits, however, is **GRANTED**. The probative value of this evidence, if any, is outweighed by the risks of unfair prejudice, confusing the issues and misleading the jury. <u>Sandino v. Mason</u>, 2012 WL 1552425, *2-3 (D. Md. Apr. 27, 2012) (citations omitted) (where there is no dispute between parties regarding amount of coverage, evidence of coverage amount is inadmissible); *accord* <u>Wallace v. Allstate Ins. Co.</u>, 2010 WL 200001, *5 (S.D. Miss. Jan. 14, 2010), <u>Jackson-Miller v. State Farm Ins. Co.</u>, 39 So.3d 991, 993 (Miss. App. 2010), *and* <u>Farley v. Allstate Ins. Co.</u>, 733 A.2d 1014, 1019 (Md. 1999) (each holding that evidence of policy limits was irrelevant and/or more prejudicial than probative).

Finally, Defendant's Motion to preclude the introduction of the tortfeasor's settlement amount (*see* **Doc. 21**) is **GRANTED**. Neither party cites relevant legal authority in their briefs, and the Court finds persuasive, and therefore adopts, the reasoning in Morris v. Laster, 821 So.2d 923 (Ala. 2001). *See id.* at 931 ("the defendant has a right not to inform the jury of any *pro tanto* settlements but rather to have the trial court set off the settlement amount post-judgment") (citations omitted). Alternatively, the Court finds that the probative value of the third-party settlement amount, if any, is outweighed by the risks of unfair prejudice, confusing the issues and misleading the jury.[1]

B. **Defendant's Motion to Preclude Testimony Regarding "Breach" of the Policy (Doc. 19), and Motion to Preclude Evidence Regarding Claims Handling (Doc. 20)**

Defendant posits that Plaintiff may attempt to introduce evidence regarding Defendant's alleged "breach" of the insurance agreement, as well as evidence suggesting that it mishandled Plaintiff's claim. *See* Def.'s Mot. (Doc. 19) at ¶ 5; Def.'s Mot. (Doc. 20) at ¶¶ 4-5. Plaintiff disclaims any intention of presenting such evidence, with the exception of her counsel's somewhat convoluted argument that the jury should be made aware of Defendant's offer to pay Plaintiff $235,000.00 under the Policy, presumably in settlement of her UIM claim. *See* Doc. 22 at ¶¶ 4-5; Doc. 25 ¶¶ 4-6. Plaintiff suggests that Defendant's offer should be submitted to establish the minimum amount that Plaintiff permissibly may recover at trial. *See, e.g.*, Doc. 25 at ¶ 5 (in light of Defendant's offer of $235,000.00, jury may find Defendant liable for more than that amount, but not less).

Plaintiff offers no legal support for this position, and it appears fundamentally inconsistent with Federal Rule of Evidence 408. *See id.* (addressing inadmissibility of

---

[1] The parties do not address the admissibility of the *existence* of the third-party settlement, so the Court declines to reach that issue.

3

compromise offers).  Plaintiff has not asserted a bad faith claim, *see* Compl. (Doc. 1), and the probative value of revealing Defendant's offer, if any, is outweighed by the potential for confusing the issues and misleading the jury.  *See* Fed. R. Civ. P. 403; *see also, e.g.*, In re Loya Ins. Co., 2011 WL 3505434, *1 (Tex. App. Aug. 11, 2011) (although offer of settlement may be relevant for purposes of bad faith analysis, it is not admissible to prove merits of coverage claim) (citations omitted).  Thus, Defendant's Motions to preclude evidence of claims handling and breach (**Docs. 19 & 20**) are **GRANTED**.

   IT IS SO ORDERED.


July 10, 2012                 s\Cathy Bissoon
                           Cathy Bissoon
                           United States District Judge


cc (via ECF email notification):

All Counsel of Record